UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil No. 3:22-cv-00061-GFVT |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION & ORDER** |
| GYPSUM EXPRESS LTD., | ) ) | |
| Defendant. | ) ) | |

*** *** *** ***

This matter is before the Court on the Plaintiff's objection to a scheduling Order entered by Magistrate Judge Edward Atkins. [R. 37.] The plaintiffs ask the Court to permit discovery and trial on punitive damages for the Charging Parties' individualized claims in Phase I. [R. 37.] Because Judge Atkin's Order is not clearly erroneous or contrary to law, the objection **[R. 37]** is **OVERRULED**.

**I**

Plaintiff Equal Employment Opportunity Commission alleges that Defendant Gypsum Express, Ltd., engaged in a nationwide pattern-or practice of discriminating against female applicants for flatbed-driver positions. [R. 1.] The EEOC also alleged retaliatory discharge and constructive discharge as to two individuals. *Id.* The parties submitted a Rule 26(f) report in which they agreed that trial and discovery should be bifurcated with pattern-or-practice liability established first and then a second phase to resolve individual relief and related damages. [R. 22.] They disagreed, however, as to when punitive damages should be litigated. *Id.* Because the issue impacted discovery, the Court referred the matter to Judge Atkins. [R. 23.] Judge Atkins

invited the parties to submit further briefing on when to conduct discovery on punitive damages. [R. 32.] Having reviewed the parties' submissions, Judge Atkins entered the scheduling order at issue. [R. 35.] Judge Atkins noted a substantial split of authority on the timing of punitive damages in similarly bifurcated trials. *Id.* at 4–5. Ultimately, Judge Atkins followed an intra-district decision issued by United States District Judge Karen Caldwell holding that the second phase of discovery and trial was more appropriate for the issue of punitive damages. *Id.* at 6. Now, the EEOC objects to that decision. [R. 37.] It argues that Judge Caldwell's case did not involve individual claims that diverge from the pattern-or-practice claim. *Id.* at 5. It also argues that delaying punitive damages until phase II is an inappropriate application of Federal Rule of Civil Procedure 42(b). *Id.* at 6.

This Court then ordered Defendant Gypsum to respond. [R. 38.] They have now done so and argue that the EEOC's objection should be denied as presenting punitive damages for the charging parties to the Phase I jury will prejudice Gypsum. [R. 39 at 5-6.] Gypsum also suggests that the charging parties' individual claims should, either before or after trial on the pattern-or-practice claim, be entirely bifurcated from the pattern-or-practice claim. *Id*. at 2-5.

## II

### A

The Court referred this issue to Judge Atkins under 28 U.S.C. § 636(b). [R. 23.] Section 636(b) governs referral of dispositive and non-dispositive matters, which are subject to different standards of review. The parties' dispute over bifurcation is a non-dispositive matter subject to clear error review. "When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28

2

U.S.C. § 636(b)(1)(A)).  Pursuant to Federal Rule of Civil Procedure 72(a), the Court will set aside or modify a magistrate judge's non-dispositive order only if the Court finds that at least a portion of the order is "clearly erroneous or contrary to law."  An order is contrary to law if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, 2013 WL 5673617 at *1 (W.D. Ky. Oct. 17, 2013)).  "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Bisig*, 940 F.3d at 219.

**B**

The Defendants filed a timely objection.  [R. 37.]  They argue that there is "no practical or legal basis for reserving a punitive damages determination on the individual claims until Phase II" and that "[r]eserving a punitive damages determination on the individual claims until Phase II is inconsistent with the Court's rationale for reserving punitive damages on the pattern-or-practice claim until Phase II."  *Id*. at 3-6.  In essence they believe that if punitive damages on the individual claims are deferred a significant period will likely elapse after the end of Phase I, meaning "the Charging Parties will still not have had their claims fully resolved and will be unfairly burdened with repeating duplicative testimony so a new jury can assess punitive damage."  *Id*. at 6-8.

In the scheduling order Judge Atkins carefully considered when punitive damages should be considered in the bifurcated trial.  He noted that, surveying various opinions across courts, "the issue of *when* punitive damages should be considered in a bifurcated trial has not been uniformly ruled on by the courts."  [R. 35 at 4 (emphasis in original).]  Ultimately, Judge Atkins

relied on an opinion from this district, authored by District Judge Caldwell, which determined that the issue of punitive damages should be examined in Phase II, rather than Phase I. *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores, Inc.*, 2008 WL 11344853 (E.D. Ky. Apr. 7, 2008). In doing so, Judge Atkins acknowledged the EEOC's valid concern that some inefficiency may result when evidence from Phase I is duplicated in Phase II. [R. 35 at 6.] However, Judge Atkins noted that this concern "can be mitigated through careful management of the case and its resources," even if such a solution is imperfect. *Id*. Furthermore, Judge Atkins determined that the "possible prejudice Gypsum may face if these damages are assessed in Phase I" cannot be similarly mitigated with careful case management. *Id*. at 7.

EEOC primarily takes issue with the fact that a second jury would essentially have to hear the charging parties' individual claims again to award punitive damages in Phase II. They emphasize that *Wal-Mart Stores, Inc.*, upon which Judge Atkins relied, "did not include both a pattern-or-practice claim and individual claims alleging violations different from the pattern-or-practice claim" and that "Judge Caldwell's rationale for deferring a determination on punitive damages until Phase II, based as it was upon the unique nature of pattern-or-practice claims, is inapplicable to the individual cases." [R. 37 at 5.]

Certainly, *Wal-Mart Stores, Inc* is not entirely on all fours with the present case. However, Judge Atkins' decision hardly makes a vast inferential leap from that opinion and the EEOC's objection otherwise fails to effectively grapple with the reasoning underlying *Wal-Mart Stores, Inc* and Judge Atkin's own order. As Judge Atkins acknowledged, there will be some duplication of evidence between Phase I and Phase II. The bifurcation may also result in the charging parties receiving a slightly delayed overall resolution to their claims. However, liability and compensatory damages will be resolved in Phase I, reducing the burden faced by the

4

charging parties. And, as Judge Atkins noted, the burdens they face can be mitigated with later case management. As Gypsum and Judge Atkins both point out, the prejudice to Gypsum cannot be similarly managed. As Gypsum states the issue,

> for the EEOC to demonstrate that Curtis is entitled to punitive damages in connection with her individual claim of retaliation, the EEOC must demonstrate that "the individuals perpetrating the discrimination acted with malice or reckless indifference toward the plaintiff's federally protected rights" – evidence which will inevitably prejudice a jury in the consideration of the propriety of Gypsum's hiring policy.

[R. 39 at 6 (quoting *E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1072 (6th Cir. 2015)).] Presenting a claim for punitive damages on the charging parties' individual claims to the same jury who will hear the pattern-or-practice claim presents risks of prejudice to Gypsum and would likely be confusing to a jury.

Under Fed. R. Civ. P. 42(b), "the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for reasons of convenience, avoiding prejudice, or expediting and economizing the case. "Only one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). In determining whether separate trials are appropriate, the Court considers "several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). And "[t]he decision whether to try issues separately is within the sound discretion of the court." *Yung v. Raymark Indus., Inc.*, 789 F.2d 397, 400 (6th Cir. 1986). Judge Atkins' order carefully takes into account each of these concerns and charts a path that balances the EEOC's concerns about delay with the risk that Gypsum may be prejudiced by introducing the issue of punitive damages, of any kind, at Phase I. Considering the discretion courts are given in ordering separate trials, the extent to which the

issue of when punitive damages should be tried has been treated in divergent ways by various courts, and the deferential view this Court takes in reviewing a magistrate judge's order on non-dispositive issues, EEOC's objection will be overruled. While EEOC has some legitimate concerns, Judge Atkin's order cannot be said to be "clearly erroneous or contrary to law."

C

The Court next addresses Gypsum's argument in its response that the charging parties' individual claims should, either before or after trial on the pattern-or-practice claim, be entirely bifurcated from the pattern-or-practice claim. [R. 39 at 2-5.] In ordering Gypsum to respond, the Court noted that "[a]bsent permission from the Court, this District does not allow a response to an objection to a non-dispositive order issued by a magistrate judge in a civil case." [R. 38 at 2.] Nevertheless, the Court believed a response was appropriate as "there appears to be a divergence in authority on this issue." *Id*. And Gypsum did dedicate a portion of its ordered response to actually addressing the objections raised by the EEOC. [R. 39 at 5-6.] However, the Court reads the rest of Gypsum's "response" to, in actuality, be an attempt to backdoor in untimely objections after the objections period lapsed. Judge Atkins set a scheduling order. [R. 35.] Within the fourteen days allotted for making objections, the EEOC objected. [R. 37.] Gypsum did not. An objection to a Magistrate Judge's order must be made within 14 days, and a party may not assign as error a defect in the order as to which the party did not timely object. Fed. R. Civ. P. 72(a). To the extent that that Gypsum's "response" objects to trying the charging parties' individualized claims with the pattern-or-practice claims, that objection is overruled.

6

### III

The EEOC does not show that Judge Atkin's order is clearly erroneous or contrary to law. Accordingly, their objection **[R. 37]** is hereby **OVERRULED**.

This the 6th day of March, 2025.

Gregory F. Van Tatenhove
United States District Judge